```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


ELIZABETH JENNINGS, et al.,      )
                                 )
              Plaintiffs,        )
                                 )
         v.                      )    No.  4:02CV1350 FRB
                                 )
WENTZVILLE R-IV SCHOOL DISTRICT, )
et al.,                          )
                                 )
              Defendants.        )
```

### MEMORANDUM AND ORDER

Presently pending before the Court is defendants' Motion for Attorneys' Fees and Costs and Other Sanctions Against Plaintiffs' Counsel Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority (filed March 1, 2005/Docket No. 148). Pursuant to 28 U.S.C. § 636(c), the parties consented to have all matters in this cause heard and determined by the undersigned United States Magistrate Judge.

### I.  Procedural Background

On February 17, 2004, this Court entered Judgment in favor of defendant Wentzville R-IV School District (School District) and against plaintiffs on defendants School District, John Waters, Diane Moran, and Michele Senda's Motion for Summary Judgment. Plaintiffs' remaining claims against the remaining defendants were at that time dismissed by the Court without prejudice. Plaintiffs timely appealed this Court's Judgment to the

Eighth Circuit Court of Appeals. On September 29, 2004, during the pendency of the appeal, this Court awarded costs to defendants in the amount of $13,718.35 and taxed such costs against plaintiffs pursuant to Fed. R. Civ. P. 54(d). No appeal was taken from the Court's determination of costs.

The cause thereafter remained silent in this Court until December 13, 2004, at which time defendants filed Notices of Execution on Garnishment, with Writs of Garnishment issued upon plaintiffs' assets for the Judgment of costs rendered against them on September 29, 2004. On December 29, 2004, pursuant to Fed. R. Civ. P. 62(d), plaintiffs moved the Court for approval of a supersedeas bond in the amount of $13,854.18, representing the amount of costs assessed against plaintiffs on September 29, 2004, plus interest thereon. After a hearing on January 13, 2005, the Court approved plaintiffs' request. The supersedeas bond was posted that same date, and the defendants' enforcement of their Judgment of costs was thereby stayed during the pendency of the appeal.

On February 16, 2005, the February 17, 2004, Judgment of this Court granting summary judgment to defendants was affirmed by the Eighth Circuit Court of Appeals. Jennings v. Wentzville R-IV Sch. Dist., 397 F.3d 1118 (8th Cir. 2005).

### II. Defendants' Instant Motion for Sanctions

Subsequent to the Eighth Circuit's decision in Jennings,

defendants filed a Motion for Attorneys' Fees and Costs and Other Sanctions Against Plaintiffs' Counsel Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, averring that the conduct of and misrepresentations made by plaintiffs' counsel, Larry A. Bagsby, during the period between the Court's entry of Judgment for costs on September 29, 2004, and its approval of the supersedeas bond on January 13, 2005, unreasonably and vexatiously multiplied the proceedings in this cause. Defendants argue that Mr. Bagsby should therefore be required, personally, to satisfy the excess costs and fees incurred by defendants on account of such conduct. Defendants have submitted the affidavits of their attorneys, Phyleccia E. Reed and Celynda L. Brasher, attesting to Mr. Bagsby's conduct and representations, as well as documentation supporting the amount of fees and costs requested. Plaintiffs submitted a brief in response to defendants' motion to which defendants have replied. For the following reasons, defendants' motion is well taken and plaintiffs' counsel, Larry A. Bagsby, shall be required, personally, to satisfy defendants' excess costs and fees incurred.

### III. Discussion

Section 1927 of Title 28 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reason-

ably incurred because of such conduct.

For the Court to so sanction an attorney,"§ 1927 appears to require both a finding of objectively unreasonable behavior and a finding of bad faith." National Ass'n for Advancement of Colored People-Special Contribution Fund v. Atkins, 908 F.2d 336, 340 (8th Cir. 1990).

In this cause, the evidence and information before the Court shows the following: Between September 29 and November 15, 2004, counsel for defendants attempted to collect the costs as assessed against plaintiffs, without initiating the garnishment process. With each attempt, counsel was informed by plaintiffs' counsel, Mr. Bagsby, that a supersedeas bond would be filed. On October 1, 2004, during the course of a separate but related state court proceeding, Mr. Bagsby stated to Ms. Reed that plaintiffs intended to file a supersedeas bond within ten days of this Court's September 29, 2004, award of costs. However, no supersedeas bond was sought or posted during that time.

In a letter dated November 17, 2004, Mr. Bagsby responded to deposition notices issued by defendants in relation to obtaining discovery for the purpose of recovering the awarded costs, and informed Ms. Reed therein that through a contractual agreement with plaintiffs, he, personally, was responsible for the payment of costs. In this letter, Mr. Bagsby further informed counsel that "[he] could deposit the funds into a separate account and file a

Notice of Supersedeas Bond in the federal court. F.R.A.P. 62(d) would then prevent you from executing upon the judgment until the conclusion of the appeal." (Reed Affid., Exh. A.) Despite Mr. Bagsby's awareness of the availability of a supersedeas bond and the effect thereof, no action was taken to seek approval for the posting of such a bond.

On December 22, 2004, notices were sent to Mr. Bagsby relating to depositions scheduled to be taken of plaintiffs in January 2005 relating to, inter alia, plaintiffs' net worth. In response to these notices, Mr. Bagsby sent a letter to defendants' counsel, dated December 24, 2004, which stated in part, "[Plaintiffs] will not be bringing any such exhibits as they relate to issues of net worth and are irrelevant to this lawsuit. *A cash bond has been posted and the supercedeas* [sic] *bond is in place*." (Reed Affid., Exh. C.) (Emphasis added.) A review of the record in this cause shows the statement regarding the posting of the bond to be inaccurate. Ms. Reed thereafter informed Mr. Bagsby in a letter dated December 28, 2004, that she had been informed by the district court that no bond had been filed on behalf of plaintiffs in this cause and that in the absence of a bond, the defendants would proceed with their efforts to collect costs. (Id., Exh. D.) Thereafter, on December 29, 2004, plaintiffs filed a Motion for Approval of Supersedeas Bond.

On January 10, 2005, plaintiffs requested that the Court

quash plaintiffs' depositions or, in the alternative, stay such depositions to the extent they sought information relating to plaintiffs' net worth. Defendants opposed the request and, summarizing the history as set out above, argued that they were entitled to proceed with collection efforts and to obtain information relating thereto inasmuch as plaintiffs' request for supersedeas bond had not yet been approved by the Court. Defendants further argued that, in the absence of an actual bond in place, Mr. Bagsby's dilatory tactics in delaying defendants' recovery of costs had caused defendants to be wary of any further representations by Mr. Bagsby made for the purpose of further delaying their collection efforts.

The Court scheduled a hearing on plaintiffs' pending motions and the matters were heard before the undersigned on January 13, 2005. At the hearing, Mr. Bagsby acknowledged to the Court that he had previously attempted to deposit a cashier's check with the Clerk of Court,[1] that "the Clerk's Office just won't take" the check, and that he had "never had such a problem of trying to give somebody some money," to which the Court reminded Mr. Bagsby

---

[1] At the hearing, the Court recited the procedural history of this cause, including that the Court had been informed by the Clerk of Court that on December 24, 2004, Mr. Bagsby appeared in the Office of the Clerk and attempted to deposit a cashier's check representing the amount of costs and accrued interest. At that time, Mr. Bagsby was informed by James Woodward, the Clerk of Court, that such a check representing a supersedeas bond could not be deposited without Court approval in accordance with Fed. R. Civ. P. 62(d). The cashier's check was therefore not accepted by the Clerk at that time.

that Fed. R. Civ. P. 62(d) required Court approval before a supersedeas bond could be accepted and processed by the Clerk. The Court further informed Mr. Bagsby that it would be inappropriate for the Court to rule on plaintiffs' Motion for Approval of Supersedeas Bond without providing the defendants an opportunity to respond, and that the period within which defendants could file such a response had just expired. Finally, upon hearing the arguments of counsel, the Court informed Mr. Bagsby that the posting of a supersedeas bond was appropriate in the cause, but that his delay in seeking such a bond caused additional work to be expended. In response to defendants' oral request for the Court to impose sanctions, the Court advised defendants that they could seek such sanctions by way of written motion to which plaintiffs would then be given an opportunity to respond.

Defendants thereafter filed the instant motion arguing that Mr. Bagsby's conduct and misrepresentations, as set out above, caused them to incur additional costs and attorneys' fees in relation to the institution of garnishment proceedings in this cause, inasmuch as such proceedings would have been wholly unnecessary if a supersedeas bond had been timely sought and/or if Mr. Bagsby would have acted in seeking a supersedeas bond as represented. Defendants also contend that Mr. Bagsby's conduct and misrepresentations caused them to incur additional fees and costs in relation to defending plaintiffs' Motion to Quash and/or Stay

Depositions. In response, Mr. Bagsby provides no explanation for his delay in seeking a supersedeas bond, for his failure to act on his representations to defendants' counsel that such a bond would be posted, or for his misrepresentation made to defendants' counsel that such a bond had been posted when, in fact, it had not.[2] Instead, Mr. Bagsby argues that defendants' counsel's own conduct, and specifically, counsel's pursuit of collection efforts prior to the Eighth Circuit's decision in <u>Jennings</u> and inconsistent positions regarding plaintiffs' posting of a supersedeas bond, caused the additional expenses incurred.

A review of the proceedings and information before the Court shows that Mr. Bagsby's delay in seeking approval of a supersedeas bond multiplied the proceedings in this case, and that Mr. Bagsby's conduct in so multiplying these proceedings was unreasonable and vexatious. It is apparent from the record that as early as October 1, 2004, Mr. Bagsby was aware that the posting of a supersedeas bond would stay any collection efforts by the defendants, and indeed, as reflected in Mr. Bagsby's letter of November 17, 2004, he was aware of the legal authority pursuant to which such a stay could be imposed. Nevertheless, and despite his representations otherwise, Mr. Bagsby did not seek approval for such supersedeas bond. Had Mr. Bagsby timely filed a supersedeas bond as he had represented, it would have been wholly unnecessary

---

[2]Indeed, at the time of such misrepresentation, Mr. Bagsby had not yet sought the Court's approval for such bond.

for defendants to incur the costs and expenses associated with the institution of garnishment proceedings in December 2004. Further, had Mr. Bagsby sought a supersedeas bond as represented, defendants would not have scheduled depositions to obtain discovery relating to the collection of costs, and thus would not have had to defend plaintiffs' motion to quash such depositions, and thereby would not have incurred costs and expenses associated therewith. Mr. Bagsby argues that defendants would not have incurred costs associated with the motion to quash if they had immediately consented to plaintiffs' request to post the bond rather than continue with the scheduled depositions. This argument, however, ignores the history of Mr. Bagsby's continued failure to follow through with a supersedeas bond despite his representations otherwise. In light of this history, it was not unreasonable for defendants to continue with their collections efforts until such time when the bond was actually posted. It was Mr. Bagsby's conduct, and his conduct alone, which delayed the posting of the bond.

The unreasonableness of Mr. Bagsby's conduct is apparent from his demonstrated knowledge of the procedure required to obtain the result sought, that is, a stay of the execution of Judgment, and his repeatedly unfulfilled representations to counsel of his intent to seek relief by such procedure. Mr. Bagsby's bad faith in his conduct is demonstrated by his blatant misrepresentation to counsel that a supersedeas bond had been posted and was in place

when, in fact, a request had not yet been made to the Court for approval of such bond; and by his continued failure to recognize that his conduct unnecessarily and unreasonably prolonged the proceedings in this cause of action and added to the already contentious atmosphere of this litigation. Finally, as reflected by his demeanor during the hearing on the motions as well as in response to the instant motion, Mr. Bagsby curtly and unprofessionally attempts to shift the responsibility for the multiplication of these proceedings to opposing counsel and, to a certain degree, the Clerk of Court, but notably without explanation as to his own conduct.

Accordingly, for all of the foregoing reasons, the Court in its discretion determines that, pursuant to 28 U.S.C. § 1927, defendants shall recover their excess costs, expenses and attorney's fees incurred in relation to the multiplied proceedings caused by the unreasonable and vexatious conduct of plaintiffs' counsel, Larry A. Bagsby, in relation to his delay and misrepresentations in seeking Court approval for a supersedeas bond. A review of the documentation submitted by defendants shows the costs, expenses and fees incurred by defendants in relation to such multiplied proceedings to be reasonable.

Therefore,

**IT IS HEREBY ORDERED** that defendants' Motion for Attorneys' Fees and Costs and Other Sanctions Against Plaintiffs'

Counsel Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority (Docket No. 148) is granted.

**IT IS FURTHER ORDERED** that Larry A. Bagsby, personally, shall satisfy defendants' excess costs, expenses and attorney's fees in the amount of Three Thousand, Five Hundred Sixty-Eight and 25/100 Dollars ($3,568.25).

**IT IS FURTHER ORDERED** that not later than **June 30, 2005**, Larry A. Bagsby shall remit Three Thousand, Five Hundred Sixty-Eight and 25/100 Dollars ($3,568.25) to the Clerk of the Court, who, upon receipt, shall forward such sum to counsel for defendants Wentzville R-IV School District, John Waters, Diane Moran, and Michele Senda.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _17th_ day of June, 2005.